## ZELLER v STATE

Ohio Appeals, 4th Dist, Brown Co
Decided Nov 20, 1930

Strother, Greenberg and Schubert for Zeller.

John H. Houston and Frank X. Frebis, both of Georgetown, for State.

**MIDDLETON, PJ.**

In this proceeding there are complaints made of errors in the admission of evidence in the trial of the case and in the charge of the court and of some other irregularities. We have given the record a complete examination and find no substantial error either in the matters complained of or in the record as a whole.

We are persuaded that under Zeller's own evidence the jury were convinced of his guilt, not perhaps as one of the killers but as an accomplice. In his testimony on page 426-a he was referring to the talk had at Cincinnati before the party left that city and made this statement:

"A Davis asked me if I wanted to go to the country to get some money.

Q Tell the jury what you understood by it?

A I didn't know what he meant or how he was going to get the money, or nothing else. I surmised that they were going to steal it, or break into a house or something, but I did not know what they were going to do.

Q Did you understand from what he said that you were going somewhere to get some money by some means or other than by lawful means?

A Yes.

Q Did they explain to you what part they wanted you to take in it?

A Well, no not for certain but it was understood that I could watch. I didn't know."

On cross examination at page 430 he was asked this question:

"Q I will ask you if it was a fact that neither you nor Davis knew what you were coming up here to do until you arrived at Kimball's Ford?

A It is not a fact.

Q Then two of you knew?

A I knew we were coming somewhere to get some money, and it wasn't to be a card game either."

This testimony of Zeller must have convinced the jury that he knew full well the purpose of the trip and understood the object of those who went to the house of Clemons if he were not one of the two himself. The facts thus shown are very similar to those involved in the case of **Stevens v. State, 42 Oh St 150.**

It would seem from the evidence that Zeller, Cramer and Davis all made statements or confessions of an incriminating character, and Davis was called as a witness against Zeller in the trial. In respect to his testimony it is now contended that the trial court erred in its charge to the jury. The particular instruction complained of in said charge goes to the weight to be given Davis' testimony. The court after explaining to the jury that Davis was what in law is known as an accomplice said to them that they should act upon his testimony with great caution and give it careful examination in the light of all the other evidence in the case, and then said:

"But if the testimony carries conviction and the jury are convinced of its truth beyond a reasonable doubt they should give to it the same effect as

should be allowed to a witness who is in no repect implicated in the offense."

There was no error in this instruction. It is clearly within the rule applied in the courts of this state and as pronounced in the case of **Allen v. State, 10 Oh St 288,** following the case of **Nolan v. State, 19 Ohio 131.** In the Allen case the doctrine is laid down that it is the duty of the court to advise the jury not to convict of a felony upon the uncorroborated testimony of an accomplice, but there is no rule of law preventing a jury from convicting . upon the uncorroborated testimony of such an individual. It might be well to observe that Davis was not by any means an uncorroborated accomplice. There was ample testimony tending to establish the guilt of Zeller wholly independent of any statement made by Davis. So that the reference of the trial court to this matter was not at all necessary under the whole evidence in the case. If, however, it was necessary for the court to refer to this phase of the case the instruction was proper and complete.

There are several objections made to the admission of evidence in the case but, as before observed, we find no error in that respect. On page 401 of the record a witness, one Mrs. Yochum, was inquired of regarding a certain statement made by Cramer in her presence and in the presence of several other witnesses, who gave like testimony of a crtain statement made by Cramer to those present and also in the presence of Zeller. The witness said:

"Cramer was asked who went across the creek with him. His answer was 'John Zeller'. He was asked which gun did he have. Cramer answered 'I fired the thirty-eight, Zeller the thirty-two'."

This testimony was objected to ostensably on the ground that it was hearsay testimony. We are not favored with any further argument or authority in the brief on this objection, but we take it that it is evident that the testimony of the witness was competent as reflecting on the good faith of Zeller and the weight to be given to his statement when he contended that he was not with Cramer when Clemons was shot.

The action of the court in excusing a juror was within its discretion and was founded upon the admission of the juror that he was opposed to capital punishment but notwithstanding that fact would be governed by the law and the facts in the case.

In the briefs filed by counsel for Zeller but little argument is made in support of the various complaints and exceptions referred to in the briefs. Usually a mere reference to the matter complained of is all that is said in the briefs. We are unable to find anything in the record that furnishes any support for the claim for a new trial. It may be said, however, that Zeller in his testimony that he was not with Cramer when Clemons was shot is supported by Clemons' own statement to the same effect made in contemplation of death, and also by the fact that Clemons identified Cramer and Davis as the men who assaulted him. These facts may furnish some ground for clemency to Zeller from those who are invested with the right and power to grant a favor of that kind. They do not, however, constitute any legal defense to the charges made in the indictment. It might be said further that the evidence shows that Zeller was probably the first one of the defendants to make any disclosures to the authorities regarding the crime and was probably suffering at the time he made such statements from genuine remorse for what happened. This may explain the apparent hostility of Cramer and Davis to him.

The judgment is affirmed.

Mauck and Blosser, JJ, concur.